IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STA GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-30 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MOTOROLA SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

STA Group LLC ("STA Group") hereby brings this action for patent infringement against Motorola Solutions, Inc. ("Motorola") as follows:

### INTRODUCTION

STA Group alleges infringement of U.S. Patent No. 8,014,324, entitled "Tone Signaling" (the '324 patent), U.S. Patent No. 8,145,249, entitled "Method and System for Providing a Proxy Media Service" (the '249 patent), U.S. Patent No. 9,049,737, entitled "Multiplexing and Demultiplexing Radio Channels" (the '737 patent), and U.S. Patent No. 9,319,852, entitled "Interoperability and Communications System Dynamic Media Proxy Based on Capability Negotiation" (the '852 patent), at least by reason of Defendant's sale and servicing of the Motorola WAVE and Motorola P25 Products.

True and correct copies of the '324, '249, '737, and'852 patents (together "Patents-in-Suit" or "Asserted Patents") are attached as Exhibits A, B, C, and D, respectively.

### THE PARTIES

1.      Plaintiff STA Group is an Illinois corporation.

2.      Defendant Motorola is a Delaware corporation. On information and belief, Motorola has at least two regular and established places of business in the Eastern District of Texas, including 1) 1501 10th Street, Suite 130, Plano, TX, 75074; and 2) 415 East Exchange Parkway,

Allen, TX, 75002.

## JURISDICTION AND VENUE

3.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Motorola is subject to this Court's specific and general personal jurisdiction, pursuant to constitutional due process and the Texas Long-Arm Statute, due at least to its extensive business in the jurisdiction of the United States District Court, Eastern District of Texas (this "District"), including their infringement alleged herein.

5.      On information and belief, Motorola, directly or through subsidiaries or intermediaries, ships, distributes, makes, uses, offers for sale, sells, imports, and/or advertises its products and services in the United States and in this District.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

7.      On information and belief, Motorola maintains regular business operations in at least two facilities located within the district: 1) 1501 10th Street, Suite 130, Plano, TX, 75074; and 2) 415 East Exchange Parkway, Allen, TX, 75002. On its website, Motorola hosts literature that states it has "a total of 95,000 sq ft of warehouse/manufacturing/offices across two sites in Plano, Texas." *See* Motorola Solutions Manufacturing and Assembly in Plano, Texas, *available at* https://www.motorolasolutions.com/content/dam/msi/docs/healthresources/us-manufacturing-capacity-to-address-urgent-pandemic-needs.pdf (last accessed September 14, 2022).

8.      Motorola owns a "material property" in Allen, Texas, comprised of approximately 138,000 sq. ft., used for "[m]anufacturing and distribution and corporate administrative" purposes. *See* Motorola Solutions, Inc., Annual Report (Form 10-K) (February 16, 2022), *available at* https://sec.report/Document/0000068505-22-000010/ (last accessed September 14, 2022).

9.      Motorola also acquired Kodiak Solutions ("Kodiak"), a push-to-talk technology provider, in late 2017. According to a press release published by Motorola on August 28, 2017, "Kodiak adds a complementary, carrier-integrated PTT-over-cellular solution to Motorola

Solutions' existing mission-critical WAVE PTT portfolio. WAVE connects disparate networks to enable communication between smartphones, radios and computers via wireless or wireline broadband." *See* Motorola Solutions Completes Acquisition of Kodiak Networks (August 28, 2017), *available at* https://www.motorolasolutions.com/newsroom/press-releases/motorola-solutions-completes-acquisition-kodiak-networks.html.

10.    Kodiak's website now forwards to Motorola's WAVE Products webpage. *See* http://kodiakptt.com (last accessed July 26, 2022).

11.    Kodiak was founded and headquartered in Plano, Texas.  On information and belief, after the acquisition, Kodiak's former office has served as a regular and established place of business of Motorola.

12.    Motorola actively advertises for job openings in the District, posted as recently as January 24, 2023. *See* https://motorolasolutions.wd5.myworkdayjobs.com/Careers?locations= dc87e0de602f103e7e0ebca15a89779a (last accessed January 24, 2023).

13.    On information and belief, Motorola employees work in the District.

14.    Upon information and belief, Motorola makes, sells, and offers for sale the accused WAVE products from places of business located in this District.

15.    On information and belief, Motorola, directly and through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the expectation that those products will be purchased and used by customers or consumers in this District, including Motorola WAVE and Motorola P25 Products. On information and belief, Motorola customers in Texas and this District have purchased and used infringing Motorola WAVE and Motorola P25 Products. Motorola therefore has committed acts of infringement within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Motorola would not offend traditional notions of fair play and substantial justice.

313180351.2

## THE PATENTS-IN-SUIT

### A.    The '324 Patent

16.    U.S. Patent No. 8,014,324, entitled "Tone Signaling" (the '324 patent), was duly and legally issued on September 6, 2011 by the U.S. Patent and Trademark Office. The underlying application, U.S. Patent Application No. 12/277,709 was filed on November 11, 2008. A true and correct copy of the '324 patent is attached as Exhibit A and incorporated by reference.

17.    The '324 patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

18.    The '324 patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

19.    STA Group is the assignee of all right, title, and interest in the '324 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '324 patent. Accordingly, STA Group possesses the exclusive right and has standing to prosecute the present action for infringement of the '324 patent by Motorola.

### B.    The '249 Patent

20.    U.S. Patent No. 8,145,249 (the '249 patent), entitled "Method and System for Providing Proxy Media Service," was duly and legally issued on March 27, 2012 by the U.S. Patent and Trademark Office. The underlying application, U.S. Patent Application No. 11/267,915, was filed on November 4, 2005. A true and correct copy of the '249 patent is attached as Exhibit B and incorporated by reference.

21.    The '249 patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

22.    The '249 patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

23.    STA Group is the assignee of all right, title, and interest in the '249 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant

times against infringers of the '249 patent. Accordingly, STA Group possesses the exclusive right and has standing to prosecute the present action for infringement of the '249 patent by Motorola.

**C.      The '737 Patent**

24.      U.S. Patent No. 9,049,737 (the '737 patent), entitled "Multiplexing and Demultiplexing Radio Channels," was duly and legally issued on June 2, 2015 by the U.S. Patent and Trademark Office. The underlying application, U.S. Patent Application No. 13/311,545, was filed on December 5, 2011. A true and correct copy of the '737 patent is attached as Exhibit C and incorporated by reference.

25.      The '737 patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

26.      The '737 patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

27.      STA Group is the assignee of all right, title, and interest in the '737 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '737 patent. Accordingly, STA Group possesses the exclusive right and has standing to prosecute the present action for infringement of the '737 patent by Motorola.

**D.      The '852 Patent**

28.      U.S. Patent No. 9,313,852 (the '852 patent), entitled "Inoperability and Communications System Dynamic Media Proxy Based on Capability," was duly and legally issued on April 19, 2016 by the U.S. Patent and Trademark Office. The underlying application, U.S. Patent Application No. 14/523,299, was filed on October 24, 2014. A true and correct copy of the '852 patent is attached as Exhibit D and incorporated by reference.

29.      The '852 patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

30.      The '852 patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

313180351.2

31.     STA Group is the assignee of all right, title, and interest in the '852 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '852 patent. Accordingly, STA Group possesses the exclusive right and has standing to prosecute the present action for infringement of the '852 patent by Motorola.

## ALLEGATIONS OF PATENT INFRINGEMENT

32.     Motorola makes, uses, sells, offers for sale, and services certain products, including its Motorola WAVE Systems and Motorola P25 Systems.

33.     The Motorola WAVE Systems include, for example, the WAVE Media Server, WAVE Proxy Server, WAVE Radio Gateway, WAVE Desktop Communicator, WAVE Dispatch Communicator, WAVE Mobile Communicator, WAVE Web Communicator, WAVE Lync Communicator, WAVE Sharepoint Communicator, WAVE Thin Client Platform, WAVE PTX Streaming Video system, and systems that operate in a similar manner (together "the Motorola WAVE Products").

34.     The Motorola P25 Systems include, for example, the Astro 25 Advanced Messaging Solution, Critical Connect, Dispatch Console, SmartConnect, and systems that operate in a similar manner (together the "Motorola P25 Products").

35.     At least the Motorola WAVE Products and the Motorola P25 products (collectively the "Accused Products") infringe one or more claims of the Patents-in-Suit.  Identification of the Accused Products will be supplemented as needed in Plaintiff's infringement contentions pursuant to the Court's scheduling order and local rules. The Accused Products directly and indirectly infringe, literally or under the doctrine of equivalents, one or more claims of each of the Patents-in-Suit.

36.     Upon information and belief acquired through conversations between STA Group and Motorola, by at least 2018, Motorola learned of the Patents-in-Suit.  After learning of the Patents-in Suit, Motorola infringed the Patents-in-Suit and, in doing so, it knew or should have known that its conduct amounted to infringement of the Patents-in-Suit.

37.     STA Group has, to the extent required, complied with the marking statute, 35 U.S.C. § 287.

38.     As set forth below, the Accused Products incorporate, without any license or permission from STA Group, technology protected by the Patents-in-Suit.

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,014,324**

39.     STA Group incorporates by reference and realleges each and every allegation of Paragraphs 1 through 38 as if set forth herein.

40.     STA Group owns all substantial rights, interest, and title in and to the '324 Patent, including the sole and exclusive right to prosecute this action and enforce the '324 Patent against infringers, and to collect damages for all relevant times.

41.     Without a license or permission from STA Group, Motorola has infringed and will continue to infringe one or more claims of the '324 patent, directly or indirectly, by making, having made, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

42.     Motorola enables and induces its customers to infringe one or more claims of the '324 patent by providing documentation and support services to its customers which direct its customers to directly infringe one or more claims of the '324 patent. Motorola aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Products in a manner that infringes one or more claims of the '324 patent. Motorola has had knowledge of the '324 patent at least since the filing of this complaint.

43.     Motorola's infringement is willful.

44.     Motorola's acts of infringement of the '324 patent have caused and will continue to cause STA Group damages for which STA Group is entitled compensation pursuant to 35 U.S.C. § 284.

45.     On information and belief, Motorola has directly and indirectly infringed one or more claims of the '324 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Accused Products that satisfy every limitation of at least claim 16 of the '324 patent. If any

313180351.2

limitation of claim 16 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

46.     Attached as Exhibit E is an exemplary claims chart detailing representative infringement of claim 16 of the '324 patent.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 8,145,249

47.     STA Group incorporates by reference and realleges each and every allegation of Paragraphs 1 through 46 as if set forth herein.

48.     STA Group owns all substantial rights, interest, and title in and to the '249 Patent, including the sole and exclusive right to prosecute this action and enforce the '249 Patent against infringers, and to collect damages for all relevant times.

49.     Without a license or permission from STA Group, Motorola has infringed and will continue to infringe one or more claims of the '249 patent, directly or indirectly, by making, having made, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

50.     Motorola enables and induces its customers to infringe one or more claims of the '249 patent by providing documentation and support services to its customers which direct its customers to directly infringe one or more claims of the '249 patent. Motorola aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Products in a manner that infringes one or more claims of the '249 patent. Motorola has had knowledge of the '249 patent at least since the filing of this complaint.

51.     Motorola's infringement is willful.

52.     Motorola's acts of infringement of the '249 patent have caused and will continue to cause STA Group damages for which STA Group is entitled compensation pursuant to 35 U.S.C. § 284.

53.     On information and belief, Motorola has directly and indirectly infringed one or more claims of the '249 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Accused Products that satisfy every limitation of at least claim 1 of the '249 patent. If any

313180351.2

limitation of claim 1 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

54.    An exemplary claims chart detailing representative infringement of claim 1 of the '249 patent are attached as Exhibit F.

**COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 9,049,737**

55.    STA Group incorporates by reference and realleges each and every allegation of Paragraphs 1 through 54 as if set forth herein.

56.    STA Group owns all substantial rights, interest, and title in and to the '737 Patent, including the sole and exclusive right to prosecute this action and enforce the '737 Patent against infringers, and to collect damages for all relevant times.

57.    Without a license or permission from STA Group, Motorola has infringed and will continue to infringe one or more claims of the '737 patent, directly or indirectly, by making, having made, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

58.    Motorola enables and induces its customers to infringe one or more claims of the '737 patent by providing documentation and support services to its customers which direct its customers to directly infringe one or more claims of the '737 patent. Motorola aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Products in a manner that infringes one or more claims of the '737 patent. Motorola has had knowledge of the '737 patent at least since the filing of this complaint.

59.    Motorola's infringement is willful.

60.    Motorola's acts of infringement of the '737 patent have caused and will continue to cause STA Group damages for which STA Group is entitled compensation pursuant to 35 U.S.C. § 284.

61.    On information and belief, Motorola has directly and indirectly infringed one or more claims of the '737 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Accused Products that satisfy every limitation of at least claim 1 of the '737 patent. If any

limitation of claim 1 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

62.     An exemplary claims chart detailing representative infringement of claim 1 of the '737 patent are attached as Exhibit G.

### COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 9,313,852

63.     STA Group incorporates by reference and realleges each and every allegation of Paragraphs 1 through 62 as if set forth herein.

64.     STA Group owns all substantial rights, interest, and title in and to the '852 Patent, including the sole and exclusive right to prosecute this action and enforce the '852 Patent against infringers, and to collect damages for all relevant times.

65.     Without a license or permission from STA Group, Motorola has infringed and will continue to infringe one or more claims of the '852 patent, directly or indirectly, by making, having made, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

66.     Motorola enables and induces its customers to infringe one or more claims of the '852 patent by providing documentation and support services to its customers which direct its customers to directly infringe one or more claims of the '852 patent. Motorola aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Products in a manner that infringes one or more claims of the '852 patent. Motorola has had knowledge of the '852 patent at least since the filing of this complaint.

67.     Motorola's infringement is willful.

68.     Motorola's acts of infringement of the '852 patent have caused and will continue to cause STA Group damages for which STA Group is entitled compensation pursuant to 35 U.S.C. § 284.

69.     On information and belief, Motorola has directly and indirectly infringed one or more claims of the '852 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Accused Products that satisfy every limitation of at least claim 8 of the '852 patent. If any

limitation of claim 8 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

70.    An exemplary claims chart detailing representative infringement of claim 8 of the '852 patent are attached as Exhibit H.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, STA Group respectfully requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

Wherefore, STA Group requests judgment against Motorola as follows:

A.  Adjudging that Motorola has infringed and infringes the Patents-in-Suit, in violation of 35 U.S.C. § 271, and holding Motorola liable for such infringement;

B.  Ordering Motorola to account for and pay damages adequate to compensate STA Group for Motorola's infringement of the '324, '249,'737, and the '852 patents, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

C.  Ordering an accounting by Motorola for any infringing activity not presented at trial and an award by the court of additional damages for any such infringing activity to STA Group;

D.  Ordering that the damages award by increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

E.  Declaring this case exceptional and ordering Motorola to pay the cost of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest;

F.  Ordering, in accordance with 35 U.S.C. §283, Motorola and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and all those acting on behalf of or in active concert or participation with any of them, be permanently enjoined from infringing the Patents-in-Suit; and

G.  Awarding such other and further relief as this Court deems just and proper.

313180351.2

Dated: January 26, 2023

Respectfully submitted,

/s/ *James A. Shamota by permission Andrea Fair*
James A. Shimota – LEAD ATTORNEY
Patrick D. Richards
K&L GATES LLP
70 WEST Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
patrick.richards@klgates.com

Brenna K. Legaard
Janjeera S. Hail
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Telephone: (503) 228-3200
Fax: (503) 248-9085
brenna.legaard@klgates.com
Janjeera.Hail@klgates.com

Wesley Hill
Texas Bar No. 24032294
E-mail: wh@wsfirm.com
Andrea L. Fair
Texas Bar No. 24078488
E-mail: andrea@wsfirm.com
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF STA GROUP LLC**

313180351.2