**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| STA GROUP LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:23-CV-00030-JRG-RSP |
| § | |
| MOTOROLA SOLUTIONS, INC., § | |
| § | |
| *Defendant.* § | |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff STA Group LLC's Motion for Leave to Amend Infringement Contentions (**Dkt. No. 55**). After consideration, the Court **GRANTS** STA's Motion for Leave to Amend as provided below.

### I.  BACKGROUND

STA filed its complaint against Defendant Motorola Solutions, Inc. ("MSI") on January 26, 2023. STA served its infringement contentions on May 16, 2023. (Mot. at 1.) On July 28, 2023 STA served proposed amendments to its infringement contentions. (*Id*.) The parties met and conferred over the next week and upon reaching no consensus, STA filed the instant motion on August 17, 2023. (*Id*. at 2.) On August 30, 2023 MSI served invalidity contentions as to only the originally asserted claims. (Opp. at 9.) A *Markman* hearing is scheduled in this case for May 15, 2024 with claim construction disclosures beginning on January 10, 2024. (Dkt. No. 34.)

STA and MSI are involved in an additional action before this Court. *STA Group LLC v. Motorola Solutions, Inc.*, Case No. 2:22-cv-381 (E.D. Tex). The parties have conducted some fact discovery in that action but to reduce duplicative efforts the parties requested entry of a cross-use

order in this case which was entered on June 30, 2023. (Dkt. No. 47.)

## II.     APPLICABLE LAW

"Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III.    ANALYSIS

STA contends that it made its amendments shortly after the entry of the Court's cross-use order based on the newly available information. STA contends this is normal and expected and was done sufficiently early for it not to prejudice MSI. In turn MSI contends this explanation is a smokescreen for STA to dramatically increase the scope of the case in terms of claims at issue and products alleged to be infringed. MSI contends these amendments did not require the discovery STA points to as enabling this amendment.

MSI further contends neither the original nor amended infringement contentions comply with P.R. 3-1(c), as they inappropriately group unrelated accused products and request the Court order STA provide compliant contentions.

### a. Reason for the Delay

STA argues it was diligent and indeed could not have made the proposed amendments until just a month prior to its service of its proposed amendments. (Mot. at 3.) STA argues MSI produced no documents in this action and STA therefore had nothing to base its contentions on prior to the cross-use order. (*Id*.) STA argues public information was only sufficient to show infringement at a high level and the additional details in the proposed amendments were not previously available, though STA did not suggest what those particular details are. (*Id*.)

MSI contends STA's proposed amendments triple the number of asserted claims and quadruple the number of accused instrumentalities. (Opp. at 5-10.) MSI contends these amendments should have been included in STA's original contentions. (*Id*.) As to the additional accused instrumentalities, MSI alleges STA's proposed amendments "would swap out the original accused products for an entirely new set of products." (*Id*. at 7.) MSI points to STA's removal of "Motorola WAVE 500 System" and inclusion of ASTRO 25 Products, WAVE Products, Kodiak Products and radios. (*Id*.) MSI contends the information regarding these products was "reasonably available," in particular noting extensive information as to the newly accused products is available on MSI's website, including documents cited in STA's proposed amendments. (*Id*. at 8 (citing *Alacritech Inc. v. CenturyLink, Inc.*, 2:16-cv-00693-JRG-RSP, 2017 WL 3007464, at *1 (E.D. Tex July 14, 2017)).) MSI argues this demonstrates a lack of diligence on the part of STA in its pre-suit investigation mandated by Fed. R. Civ. P. 11, P.R. 3-1(b), and relevant case law. (*Id*. at 7.)

STA responds that it is permitted to cite public information in its contentions and MSI's argument is a red herring. (Reply at 1-2.) STA contends the "newly-discovered information found in these confidential documents provides the good cause for STA's amendment." (*Id*. at 1.)

The Court finds this factor weighs slightly in favor of granting STA's motion. MSI's argument that the additional accused instrumentalities could have been discovered from public

3

documents lacks factual support. All MSI provides the Court is the fact that public documents were included in the proposed amendments and an allegation that sufficient information was available. Inclusion of public documents alone does not preclude amendment or even show a lack of diligence. Nor does an allegation that sufficient public information is available. MSI did not show that the subject matter of the proposed amendments was available from public documents.

STA's showing that the proposed amendments were enabled by the newly available confidential documents is similarly thin. STA provided no showing that these documents disclosed any particular information facilitating the proposed amendments. Thus, STA's argument rests exclusively on the fact that its proposed amendments primarily cite these new documents. This leaves the Court with very little factual showing amongst so much attorney argument. As such diligence only weighs slightly in favor of granting the motion.

    b. Importance of the Matter

STA argues the proposed amendments are important as they address MSI's complained deficiencies. (Mot. at 4.) In particular, STA alleges the new discovery permitted STA to provide greater detail and "more comprehensively identify the accused products." (*Id*.)

MSI counters the proposed amendments failed to address the deficiencies and instead introduced new deficiencies. (Opp. at 1, 10.) Instead, MSI argues, the newly accused products were previously identifiable and STA is instead using MSI's deficiency complaint and the cross-use agreement to muddy the water. (*Id*. at 8-9.) MSI contends that it is particularly showing that STA did not provide a separate claim chart for its newly identified accused products, instead only using one. (*Id*.)

In reply, STA argues the proposed amendments "articulate new theories and assert new claims, which underscore the amendments' importance." (Reply at 2 (citing *R2 Sols. V. Am.*

*Airlines*, No. 4:22-cv-00353, 2023 WL 3938862, at *3 (E.D. Tex. June 9, 2023); *Alexsam, Inc. v. IDT Corp.*, No. 2:07-CV-420-CE, 2011 WL 108725, at *2 (E.D. Tex. Jan. 12, 2011)).)

The Court agrees with STA. Amendments asserting new theories or claims, or accusing newly disclosed products, are important. *See R2 Sols.*, 2023 WL 3938862 at *3. Without such amendments, those theories and claims could be lost to the patent owner. *Id*.

    c. **Prejudice to Non-Movant**

STA contends MSI will not be prejudiced as the amendments were made early in the case. (Mot. at 5.) STA highlights that at the time of the amendments MSI had not produced discovery in this action or served invalidity contentions and the parties had not exchanged any claim construction material. (*Id*.)

MSI contends that it is prejudiced in that it will now have to develop additional prior art, non-infringement theories, and claim construction positions. (Opp. at 6.) MSI further contends that it will now have to prepare additional technical document productions. (*Id*. at 9.)

The Court finds there is no unfair prejudice to MSI. STA is correct that this kind of amendment is not unexpected as the case progresses and discovery is taken. *See Harris corp. v. Huawei Device USA, Inc.*, case No. 2:18-cv-00439-JRG, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019). As such this factor favors granting STA's motion.

    d. **Availability of Continuance**

STA argues that the Court's Markman hearing is not until May of 2024 and trial is over a year away, so no continuance is needed. (Mot. at 5.) MSI does not address this factor. (*See* Opp.)

The Court finds no continuance is called for as it is still early in the case.

e. P.R. 3-1(c)

MSI's Opposition cross-moves the Court to direct STA to clarify its existing contentions. (Opp. at 10-12.) MSI contends both STA's amended contentions and the original contentions do not comply with P.R. 3-1(c) in that STA provided only a single chart for many different categories of products. (*Id*. at 10.) MSI contends these individual products must be charted separately or that STA must provide an explanation of the common functionality. (*Id*.) MSI argues that rather than do one of these, STA pulls disclosures from different products to patch together a single infringement chart. (*Id*. at 10-12.)

STA contends that it is not accusing a multitude of products but rather an interoperable set of components as they work together. (Reply at 3.) STA explains that it "asserts system-wide method claims and STA accuses components that, in some cases, operate as a system." (*Id*.) STA contends this is why its claim chart recites disclosures from certain components for some limitations and not others. (*Id*. at 4.)

In sur-reply, MSI contends there is no such "ecosystem" objection to P.R. 3-1(c). (Sur-Reply at 5.) MSI further argues the four categories provided by STA "are not collectively part of any single product or system." (*Id*.) MSI contends there is no evidence that such an "ecosystem" exists across the disclosed categories. (*Id*.)

The Court finds that the theory of infringement articulated by STA does not violate P.R. 3-1(c). A patent owner need not limit its theory of infringement to a single product when it believes infringement is performed by the operation of multiple products together. Forcing STA to separately chart the individual components when it does not assert any component individually infringes is not what is required by P.R. 3-1(c). Rather, P.R. 3-1(c) operates to require patent owners to clearly disclose its infringement theories as to each product. When, as STA contends, a

6

patent owner has only one theory as to the combined interaction of multiple components, only a single chart is needed[1].

Finally, regarding MSI's argument that its products do not interoperate as STA's claim chart contends, that is a non-infringement argument. P.R. 3-1 relates to *contentions*, whether STA's contentions prove incorrect or correct is nor relevant for compliance with the local rules.

### IV.   CONCLUSION

The Court therefore **GRANTS** STA's Motion (Dkt. No. 55) for the reasons provided above.

**SIGNED this 11th day of December, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent STA attempts to enlarge its infringement theory later, it will have to contend with its disclosure of only a single theory at this stage.