**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| STA GROUP LLC, <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA SOLUTIONS, INC., <br><br> Defendant. | Case No. 2:23-cv-00030-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |
| MOTOROLA SOLUTIONS, INC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> STA GROUP LLC, DILLON KANE GROUP LLC, and INSTANT CONNECT SOFTWARE LLC, <br><br> Counterclaim Defendants. | |

**DEFENDANT MOTOROLA SOLUTIONS, INC.'S UNOPPOSED
MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
AND SUBJECT MATTER ELIGIBILITY CONTENTIONS**

Pursuant to P.R. 3-6, Defendant and Counterclaim Plaintiff Motorola Solutions, Inc. ("MSI") respectfully requests leave to amend its Invalidity Contentions and Subject Matter Eligibility Contentions to address STA Group LLC's ("STA") amended infringement contentions, which were allowed by the Court on December 11, 2023, and added 49 new claims and several new product groups to the case.

Good cause exists for MSI's Amended Contentions based on the following: (1) STA's substantial expansion of its infringement allegations in its amended infringement contentions; (2)

MSI would be prejudiced if it were not allowed to amend its contentions to address the newly-added claims; (3) given the stage of the case—including that the close of fact discovery is four months away, claim construction briefing has yet to begin, and trial is over eight months away—there is no prejudice to STA; and (4) a continuance is not necessary.  Counsel for STA has indicated that it does not oppose this motion.

Accordingly, MSI requests leave to amend its Invalidity Contentions and Subject Matter Eligibility Contentions as served on February 22, 2024.

## I.      BACKGROUND

STA filed its complaint against MSI on January 26, 2023, asserting four patents.  On May 16, 2023, Plaintiff served its infringement contentions, in which it asserted 22 claims across the four patents.  STA subsequently served proposed amended infringement contentions that more than tripled the number of asserted claims—going from 22 asserted claims to 71 asserted claims—and quadrupled the number of accused products.  On December 11, 2023, the Court granted STA's Motion for Leave to Amend Its Infringement Contentions (Dkt. No. 84).

Since that time, MSI diligently worked to amend its Invalidity Contentions and Subject Matter Eligibility Contentions to address the newly-added claims.  MSI spent significant time analyzing STA's contentions regarding 49 new claims and additional product groups, searching for new prior art, and drafting claim charts and subject matter eligibility contentions addressing the new claims and product assertions.

On February 22, 2024, MSI served its Amended Contentions and asked if STA would oppose MSI's motion for leave to amend its contentions.  On March 1, 2024, STA indicated it would not oppose MSI's motion.  The following business day, MSI filed this motion.

To date, there has been little discovery in the case on any issues relating to invalidity, and there are still four months left in fact discovery to obtain such discovery.  Moreover, claim

construction briefing has not yet begun, the claim construction hearing is over two months away, expert discovery does not close for five months, and trial is set for over eight months from now.

## II.     GOOD CAUSE EXISTS FOR DEFENDANT'S SUPPLEMENTATION OF ITS INVALIDITY CONTENTIONS

Patent Rule 3-6(b) allows a party to supplement its invalidity contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).  Courts in this District have broad discretion to grant leave, and consider four factors to determine whether good cause exists: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Alt v. Medtronic, Inc.*, No. 2:04-cv-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004)).  All four factors weigh in favor of granting MSI leave to amend its contentions.

### A.     MSI Acted Diligently To Supplement Its Contentions.

MSI's need to amend its invalidity contentions was necessitated solely by STA's amendments to its infringement contentions, which the Court allowed on December 11, 2023 (Dkt. No. 84).  Specifically, STA's amendments significantly expanded the scope of its contentions by more than tripling the number of asserted claims—adding 49 new claims across four patents—and quadrupling the number of accused product groups.  After the Court granted STA's motion for leave to amend its infringement contentions, MSI worked diligently to analyze the newly-asserted claims and accused product groups, identify prior art for the new claims, and draft the amended invalidity contentions (including detailed claim charts) and subject matter eligibility contentions addressing the 49 newly-asserted claims and added product groups.

Given STA's substantial expansion of the scope of its contentions, MSI's two and a half months to investigate STA's amendments, conduct prior art searches, and draft its revised contentions is reasonable.  Preparing contentions for 49 newly-asserted claims across four patents in just two months reflects a diligent effort on the part of MSI.

Accordingly, this factor weighs in favor of granting MSI leave to amend its contentions.

**B.       The Supplemental Contentions Are Critical To MSI's Invalidity Defense.**

The amendments to MSI's invalidity contentions are not just critical to MSI's defense to STA's case, but MSI would be severely prejudiced without them.  MSI's Amended Contentions are the source of MSI's invalidity defenses for 49 of the 71 claims that STA asserts against MSI. When MSI submitted its initial contentions, the newly-asserted 49 claims and product groups were not in the case.  If MSI were not permitted to amend its contentions, it would be left without an invalidity defense for seventy percent of the claims against it, which would have a detrimental effect on its overall defense in this case.

This factor weighs heavily in favor of granting MSI leave to amend its contentions.

**C.       Plaintiff Will Not Be Prejudiced By The Inclusion Of The New Contentions.**

There is no prejudice to STA by MSI amending its contentions.  MSI's amendments are a natural consequence of STA amending its infringement contentions to add new claims and product groups to the case.  Further, there are still four months left in fact discovery, leaving STA sufficient time to take discovery on invalidity-related issues.  In addition, claim construction briefing has not begun, the claim construction hearing is over two months away, expert discovery does not close for five months, and trial is more than eight months away.  The early stage of the case supports a finding of no prejudice to STA.

Thus, this factor weighs in favor of granting MSI leave to amend its contentions.

**D.      Granting Leave To Supplement Would Not Require A Continuance.**

Given the time left for fact discovery, expert discovery, and claim construction, and that trial is over eight months away, MSI does not believe that any continuance is necessary. Accordingly, this factor also weighs in favor of granting MSI leave to amend its contentions.

**III.      CONCLUSION**

For the foregoing reasons, MSI respectfully requests this Court find good cause exists and grant MSI's unopposed motion for leave to amend its P.R. 3-3 Invalidity Contentions and Subject Matter Eligibility Contentions as served on February 22, 2024.


Dated: March 4, 2024                                         Respectfully submitted,

                                                             By: */s/  Hilda C. Galvan*_____
                                                             Hilda C. Galvan
                                                             Texas State Bar No. 00787512
                                                             hcgalvan@jonesday.com
                                                             **JONES DAY**
                                                             2727 N. Harwood St.,
                                                             Suite 500
                                                             Dallas, TX 75201
                                                             Telephone:  (214) 220-3939

                                                             John A. Marlott
                                                             jamarlott@jonesday.com
                                                             Kristina N. Hendricks
                                                             khendricks@jonesday.com
                                                             **JONES DAY**
                                                             110 North Wacker Drive, Suite 4800
                                                             Chicago, IL 60606
                                                             Telephone:  (312) 782-3939

                                                             Melissa Richards Smith
                                                             Texas Bar No. 24001351
                                                             melissa@gillamsmith.com
                                                             **GILLAM SMITH L.L.P.**
                                                             303 South Washington Avenue
                                                             Marshall, TX 75670
                                                             Tel: 903.934.8450

Sean Cunningham (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel: 619.699.2900
sean.cunningham@dlapiper.com

Michael D. Jay (Admitted *Pro Hac Vice*)
Nandan R. Padmanabhan (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
michael.jay@us.dlapiper.com
nandan.padmanabhan@us.dlapiper.com

Christopher G. Duerden (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Tel: 617.406.6077
chris.duerden@us.dlapiper.com

Peter Nelson (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Tel: 202.799.4092
peter.nelson@us.dlapiper.com

**ATTORNEYS FOR DEFENDANT
MOTOROLA SOLUTIONS, INC.**

6

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 4th day of March 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Hilda C. Galvan*_____
Hilda C. Galvan

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that  Brenna Legaard (counsel for STA) and Micheal Jay (counsel for MSI) met and conferred by email, per Local Rule CV-7(h), and that this motion is unopposed.

*/s/ Hilda C. Galvan*_____
Hilda C. Galvan

7

1