**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| STA GROUP LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-cv-0030-JRG-RSP |
| | § | |
| MOTOROLA SOLUTIONS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is Defendant Motorola Solutions, Inc.'s Motion to Dismiss. **Dkt. No. 13**. In the motion, Motorola argues that Plaintiff STA Group LLC fails to plead a plausible claim of infringement for any patent. For the following reasons, the Motion should be **DENIED**.

### I.    BACKGROUND

STA alleges that Motorola infringes U.S. Patent Nos. 8,014,324 (the "'324 Patent"), 8,145,249 (the "'249 Patent"), 9,049,737 (the "'737 Patent"), and 9,319,852 (the "'852 Patent"). (Mot. at 2.). Motorola explains this motion is similar to the motion it filed in the other case between these parties C.A. No. 2:22-cv-00381, which the Court has already denied. (*Id*. at 1.)

### II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id.*

The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). However, documents attached to a defendant's motion to dismiss may be considered a part of the pleadings if they are referred to in the complaint and are central to the claim. *Id.*

## III.    ANALYSIS

Motorola argues that STA's complaint does not satisfy the pleading standards because (1) STA's claim charts allegedly do not sufficiently plead infringement, and (2) STA's infringement allegations allegedly ignore critical claim limitations.

### 1.    *STA's Claim Charts Are Sufficient*

Motorola asserts that STA's complaint and accompanying claim charts are deficient. First, Motorola contends that the claim charts identify a multitude of disparate products devoid of any factual allegations providing how or why any product infringes. (Mot. at 4–6 (citing *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018)).) Second, according to Motorola, STA fails to provide a single citation or source of any excerpted material, leaving Motorola to guess which products are accused and how those products are alleged to infringe. *Id.*

Here, the Complaint includes factual allegations in combination with screenshots for each asserted patent so Motorola's reliance on *Chapterhouse* is misplaced. *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *3 (E.D. Tex. June 2, 2021). At this stage, STA need not prove its case. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir.

2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). The Complaint need only place Motorola on fair notice of infringement, and the Court finds that it does. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Viewing all facts and inferences in STA's favor, the complaint and accompanying claim charts plead a plausible claim of infringement.

        2.   *Any Alleged Deficiencies in the Claim Charts Does Not Doom the Complaint*

Next, Motorola argues that every claim chart fails to address several key limitations. Motion. (Mot. at 7-8.) According to Motorola, STA fails to establish a plausible claim of infringement for at least that additional reason.

"A plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citing *Nalco*, 883 F.3d at 1350 ("[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.")). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 (internal quotation marks and citation omitted). Motorola takes issue with STA's alleged failure to conclusively establish certain elements in its allegations, but that is not required at this stage. *Nalco*, 883 F.3d at 1350.

## IV.    CONCLUSION

For the reasons above, **IT IS RECOMMENDED** that the Motion (**Dkt. No. 13**) be **DENIED** in its entirety.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of

plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 6th day of March, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE