IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STA GROUP LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:23-CV-00030-JRG-RSP |
| § | |
| MOTOROLA SOLUTIONS, INC., § | |
| § | |
| *Defendant.* § | |

## REPORT AND RECOMMENDATION

Before the Court is STA Group LLC's Partial Motion to Dismiss Motorola Solutions, Inc.'s Counterclaims for Duplicative Claims and for Failure to State a Claim. **Dkt. No. 52**. In the motion, STA argues that Motorola's counterclaims should be dismissed as duplicative of those brought in 2:22-cv-0381 and for failing to state a claim. For the following reasons, the Motion should be **GRANTED**.

### I. BACKGROUND

STA's complaint alleges that Motorola infringes U.S. Patent Nos. 8,014,324 (the "'324 Patent"), 8,145,249 (the "'249 Patent"), 9,049,737 (the "'737 Patent"), and 9,319,852 (the "'852 Patent"). Motorola's counterclaims that STA engaged in a conspiracy with former Motorola employees to misappropriate trade secrets relating to the same products STA accuses of infringing its patents. (Opp. at 1.)

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of*

*Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id.*

The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). However, documents attached to a defendant's motion to dismiss may be considered a part of the pleadings if they are referred to in the complaint and are central to the claim. *Id.*

### III.     ANALYSIS

STA argues that Motorola's counterclaims should be dismissed in this case as they are duplicative of those in the pending 2:22-cv-00381 case. (Mot. at 3-4.) STA contends the prosecution of duplicative cases is disfavored and should be dismissed as inefficient use of judicial resources. (*Id.*) STA further argues that Motorola's assertion of identical counterclaims in this case is gamesmanship to get around its late filing of the same claims in the -381 case. (*Id.* at 5.) STA argues this too counsels in favor of dismissal. (*Id.*)

Motorola contends that because its counterclaims are so intertwined in both cases as to be mandatory counterclaims the Court should not dismiss them as duplicative. (Opp. at 4.) Motorola further contends that the cases cited by STA are not applicable here where counterclaims are brought in two actions. (*Id.* at 5.) Motorola further contends that it will avoid unnecessary use of judicial resources by the parties' cross-use agreement and coordination of motion practice. (*Id.* at 5-6.) Motorola further provides that it does not expect to pursue its identical claims in two trials, but as there is no way to know which case will reach trial first its claims should not be dismissed. (*Id.*)

The Court agrees with STA, Motorola is not entitled to maintain duplicative claims in multiple actions. The Court is not convinced that the nature of Motorola's claims as counterclaims alters this conclusion nor do its

assurances to the Court that it will coordinate between the two cases. These do not address the fundamental rule that a party is only entitled to raise its cause of action in a single case. While the question remains open as to how the two actions will develop as they approach trial and what consolidation may later be appropriate, this also does not militate in favor of allowing Motorola to maintain identical claims in multiple actions before this Court.

## IV. CONCLUSION

For the reasons above, **IT IS RECOMMENDED** that the Motion to Dismiss in this second-filed action (**Dkt. No. 52**) be **GRANTED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 11th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

3