# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| STA GROUP LLC, <br><br> Plaintiff, <br> v. <br><br> MOTOROLA SOLUTIONS, INC., <br><br> Defendant. | Case No. 2:23-cv-00030-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |
| MOTOROLA SOLUTIONS, INC., <br><br> Counterclaim Plaintiff, <br> v. <br><br> STA GROUP LLC, DILLON KANE GROUP LLC, and INSTANT CONNECT SOFTWARE LLC, <br><br> Counterclaim Defendants. | |

**JOINT TRIAL DISCLOSURE AGREEMENT AND STIPULATION**

**WITNESSES**

1. During its case-in-chief, each party will identify any witnesses it expects to call live and the order in which it expects to call them by 7:00 pm CT two calendar days before the trial day during which the witnesses will be called (for example, if a witness will be called on Monday, the party calling the witness will disclose the witness by 7:00 pm CT on Saturday).

2. During its case-in-chief, each party will identify any witnesses it expects to call by deposition by 7:00 pm CT three days before they are expected to be called. For witnesses to be called by deposition, the disclosure will include the specific deposition testimony (identified by page/line numbers), and providing a highlighted deposition transcript with those designations, that the disclosing party intends to introduce.

3. By 7:00 pm CT two calendar days before the trial day the witness testifying by deposition is to be called, the other side will identify objections to deposition designations and disclose any deposition counter designations it intends to introduce (for example, in response to deposition testimony disclosed by 7:00 pm CT on Friday to be played on Monday, the opposing party will identify objections to deposition designations and disclose deposition counter designations by 7:00 pm CT on Saturday). Similarly, the counter-designations will be provided by page/line numbers, and shall also include a highlighted deposition transcript showing those counter-designations.

4. By 8:00 pm CT two calendar days before the trial day during which a witness will testify by deposition, the party calling that witness will identify objections to deposition counter designations.

5. By 8:30 pm CT two calendar days before the trial day any witness will testify by deposition, the parties will meet and confer to resolve any disputes over objections to the

1

deposition designations and/or deposition counter designations and any other issues relating to the designated testimony. Any party with remaining objections after the meet and confer will identify the dispute to the Court via email to the law clerks by 10:00 pm CT two calendar days before the witness testifies by deposition.

**EXHIBITS**

6. Each party will identify exhibits that may be offered into evidence during the testimony of a witness called (live or by deposition) by that party by 7:00 pm CT one calendar day before the trial day during which the witness will be called (for example, by 7:00 pm CT on Sunday for a witness to be called on Monday). Any physical exhibits must be made available for inspection at the same time. Exhibits to be used on cross examination need not be disclosed in advance of the witness's examination but will be provided to opposing counsel at the start of the witness's cross examination, except exhibits to be used solely for impeachment purposes need not be provided.

7. Objections to exhibits disclosed by the party calling a witness will be served by 8:00 pm CT one calendar day before the trial day during which a witness will be called (live or by deposition).

8. By 8:30 pm CT the calendar day before the trial day during which a witness will be called, the parties will meet and confer in an effort to resolve objections and any other issues relating to the disclosed exhibits. Any party with remaining objections after the meet and confer will identify the dispute to the Court via email to the law clerks by 10:00 pm CT the calendar day before the witness testifies for resolution with Judge Gilstrap at 7:30 am CT the next morning.

**DEMONSTRATIVES**

9. Each party will identify demonstratives to be used during the testimony of a witness

called by that party by 7:00 pm CT one calendar day before the trial day during which the witness will be called (for example, by 7:00 pm CT on Sunday for a witness to be called on Monday). Any physical demonstratives must be made available for inspection at the same time. Demonstratives to be used on cross examination or impeachment need not be disclosed in advance of the witness's examination but will be provided to opposing counsel at the start of the witness's cross examination.

10. Objections to demonstratives disclosed by the party calling a witness will be served by 8:00 pm CT the calendar day before the trial day during which a witness will be called.

11. By 8:30 pm CT the calendar day before the trial day during which a witness will be called, the parties will meet and confer in an effort to resolve objections and any other issues relating to the disclosed demonstratives. Any party with remaining objections after the meet and confer will identify the dispute to the Court via email to the law clerks by 10:00 pm CT the calendar day before the witness testifies for resolution with Judge Gilstrap at 7:30 am CT the next morning.

12. If a demonstrative has already been used during trial, the party need not disclose it again.

13. The party seeking to use a demonstrative will provide, via email, a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide a copy to the other side via email or secure FTP or Box website. Any animations must be provided in executable form. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide, via email, a color representation as a PDF or 8.5 x 11 copies of the exhibits. Upon request, the irregularly sized physical exhibit will be made available at a reasonable location of the party intending to use the exhibit for the other party to inspect and take their own pictures.

3

14. Blow-ups or highlights of pre-admitted exhibits and demonstratives created live in the courtroom are not demonstratives as that term is used herein and thus are not required to be provided to the other side in advance of their use (except to the extent they must be identified pursuant to the schedule set forth for "Exhibits" above).

**DEPOSITION DESIGNATION RESPONSIBILITIES**

15. If to be offered by video, the party offering deposition testimony is responsible for preparing video deposition clips and clip reports of all designated testimony for that witness (i.e., both designations and counter designations). A copy of the video deposition clips and clip reports shall be provided to the opposing party by 10:00 pm CT the calendar day before the testimony is expected to be played.

16. To the extent any changes are made to deposition clips as a result of a court order, a copy of the revised video deposition clip will be made available for counsel to review as soon as possible, but in no event shall a clip be played to the jury without opposing counsel first reviewing the revised clip.

**MISCELLANEOUS**

17. Any remaining dispute(s) will be raised with the Court for resolution before the testimony or exhibits are introduced to the jury.

18. Any source code documents marked as exhibits need not be exchanged electronically. ==STA'S PROPOSAL==: [The party intending to use the source code will identify it in its list of exhibits for a particular witness by Bates number(s) and the particular files it intends to reference.] ==MOTOROLA'S PROPOSAL==: [The party intending to use the source code will identify it in its list of exhibits for a particular witness by Bates number(s) and the particular lines it intends to reference.] The party offering source code into evidence should submit as evidence only those

4

particular portions or lines of the source code files necessary for its purposes.

19. During trial, source code exhibits do not need to be included in witness binders.

20. If counsel needs to show a source code exhibit in Court, counsel should project source code via PowerPoint (disclosed using the procedures and timing set forth above) or via use of the Elmo.

21. The parties will exchange any demonstratives, exhibits, and deposition testimony to be used during opening statements by 3:00 pm CT the calendar day before opening statements. Any physical demonstratives or exhibits must be made available for inspection at the same time. Any objections to such demonstratives, exhibits, or deposition testimony must be disclosed by 5:00 pm CT that same day, and the parties will meet and confer by 6:00 pm CT that day in an effort to resolve their objections. Any party with remaining objections after the meet and confer will identify the dispute to the Court via email to the law clerks by 8:00 pm CT the calendar day before opening statements.

22. If closing arguments take place on the fifth day of a five-day trial, the parties will follow the same exchange schedule outlined in Paragraphs 9-11 for any newly created demonstratives to be used in closing arguments (which does not include (1) demonstratives already displayed to the jury or (2) snippets of trial testimony, so long as the trial-testimony demonstrative only includes the testimony, the photo from the juror notebook, and identification of the witness). If it becomes apparent that closing arguments will take place on a later date, the parties will meet and confer to agree on an exchange procedure.

23. Demonstratives need not be included in the parties' respective exhibit lists but will be marked and will be included in the trial record.

5

24. Neither party will use the other party's own demonstratives before they are used by the disclosing party.

25. Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. No party will remove an exhibit from the exhibit list submitted with the Pretrial Order without first notifying the other party and providing the other party with an opportunity to add the exhibit to its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any initial or counter-counter designations as counter designations.

26. Pursuant to Paragraph 17 of this Court's Joint Protective Order (Dkt. 42), nothing shall be deemed to prevent the parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action. If a party intends to introduce, either as an exhibit or as a part of a demonstrative, any document or portion of documents including any source code, that party will comply with all such terms of the parties' Protective Order provisions relating to source code before introducing the document or portion of document at trial.

27. Legible or better quality copies may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections which might be made to the admissibility of such originals, and subject to the right of the party against whom they are offered to inspect an original upon request.

28. The parties agree to develop a plan for use of written responses to interrogatories. Such responses may be used at trial consistent with the Federal Rules of Civil Procedure and Federal Rule of Evidence even if such responses have not been verified by the responding party.

Dated: January 10, 2025

*/s/ Jaime K. Olin*
Paul J. Skiermont (TX Bar No. 24033073)
Steven W. Hartsell (TX Bar No. 24040199)
Jaime K. Olin (TX Bar No. 24070363)
Michael D. Ricketts (TX Bar No. 24079208)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
shartsell@skiermontderby.com
jolin@skiermontderby.com
mricketts@skiermontderby.com

Charles C. Koole (CA Bar No. 259997)
Rex Hwang (CA Bar No. 221079)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213) 788-4545
ckoole@skiermontderby.com
rhwang@skiermontderby.com

James A. Shimota (*pro hac vice*)
IL Bar No. 6270603
Patrick D. Richards (*pro hac vice*)
IL Bar No. 6272930
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
patrick.richards@klgates.com

Brenna Legaard (*pro hac vice*)
OR Bar No. 001658
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Fax: (503) 248-9085

Respectfully submitted,

*/s/ Robert L. Maier*
Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450

Robert L. Maier (NY Bar No. 4123246)
robert.maier@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500

Katharine M. Burke (DC Bar No. 985333)
katharine.burke@bakerbotts.com
Lauren Dreyer (DC Bar No. 1007189)
lauren.dreyer@bakerbotts.com
BAKER BOTTS L.L.P.
700 K Street NW
Washington, DC 20001
(202) 639-7700

Hilda C. Galvan (TX Bar No. 00787512)
hcgalvan@jonesday.com
Keith B. Davis
kbdavis@jonesday.com
JONES DAY
2727 N. Harwood St., Suite 500
Dallas, TX 75201
Telephone: (214) 220-3939

John A. Marlott
jamarlott@jonesday.com
Kristina N. Hendricks
khendricks@jonesday.com
John M. Michalik
jmichalik@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939

<div style="display: flex;">

<div>

brenna.legaard@klgates.com

Wai Hung Wong (CA Bar No. 298847)
K&L Gates LLP
1 Park Plaza, 12th Floor
Irvine, CA 92614
Tel: (949) 253-0900
Amy.Wong@klgates.com

Victoria Forson (TX Bar No. 24118212)
K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5500
victoria.forson@klgates.com

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Miller Fair Henry, PLLC
1507 Bill Owens Parkway
Longview, Texas 75601
Telephone: (903) 757-6400
Fax: (903) 757-2323

*Counsel for Plaintiff STA Group LLC, Counterclaim Defendant Dillon Kane Group LLC, and Counterclaim Defendant Instant Connect Software LLC*

</div>

<div>

Stephanie M. Mishaga
smishaga@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: (858) 314-1200

Matthew R. Modderman
mmodderman@jonesday.com
Jesse T. Wynn
jwynn@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939

Matthew J. Silveira (*pro hac vice*)
msilveira@jonesday.com
JONES DAY
555 California St., 26th Fl.
San Francisco, CA 94104
Telephone: (415) 626-3939

*Attorneys for Defendant and Counterclaim Plaintiff Motorola Solutions, Inc.*

</div>

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of January, 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

<div align="right"><em>/s/ Jaime K. Olin</em></div>

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Motorola and counsel for STA met and conferred by electronic mail, per Local Rule CV-7(h), and that this stipulation is filed jointly.

Dated: January 10, 2025                      */s/ Jaime K. Olin*